MARTÍNEZ, PETICIONARIO Y APELANTE, *v.* BRYAN, JUEZ MUNICIPAL, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un recurso de *certiorari.*

No. 1310.—Resuelto en julio 20, 1916.

INTERVENCIÓN—DESAHUCIO—INTERVENCIÓN DESPUÉS DE TERMINADO EL PLEITO POR SENTENCIA EJECUTADA—CERTIORARI—PROCEDIMIENTO.—Terminado un. pleito de desahucio por sentencia firme ejecutada, no comete error de procedimiento alguno la corte que se niega a considerar una moción pidiendo la nulidad del mandamiento de ejecución de dicha sentencia, presentada por persona que no fué parte en el pleito.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rodolfo Ramírez.*

El apelado no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un caso de *certiorari* fallado en contra del peticionario en la Corte de Distrito de Mayagüez y apelado entonces por el mismo para ante este Tribunal Supremo.

De la transcripción aparece que Alejo Llul entabló demanda de desahucio en la Corte Municipal de Mayagüez contra Pedro Dejardein. Se trataba de una finca de unas cuatro cuerdas que el demandante alegó haber adquirido por compra a Don Pascasio Fajardo con anuencia de su esposa Doña Ofelia Martínez. El demandado contestó en el sentido de que si bien ocupaba la finca, lo era a virtud de contrato de arrendamiento celebrado con Don Rogelio Martínez. Practicadas las pruebas, la corte resolvió el pleito a favor del demandante. Transcurrido el término de ley, se ordenó la ejecución de la sentencia, y el márshal hizo constar en su diligenciado que el demandado había desalojado la finca con anterioridad voluntariamente habiéndose encontrado en ella a Rogelio Martínez y a un peón que le acompañaba, entregando el último la llave de una casa situada en la finca.

Así las cosas, después de dictada y ejecutada la sentencia, Rogelio Martínez presentó a la corte municipal una moción pidiendo a la corte que decretara la nulidad del mandamiento de ejecución de la sentencia de que se ha hecho mérito. En su moción el dicho Martínez alega que "se cree dueño de la finca" y que la tenía arrendada al demandado en el pleito de desahucio y el demandado se la entregó, hallándose en posesión de la misma cuando fué ilegalmente desalojado por el márshal.

La corte municipal, después de oir a Martínez y al demandante en el pleito de desahucio, declaró sin lugar la moción "por no ser parte en este procedimiento el Sr. Martínez."

Entonces Martínez estableció su solicitud de *certiorari* en la corte de distrito y, expedido el auto, la corte examinó los

procedimientos y finalmente desestimó la solicitud por el mismo fundamento de la corte municipal y además porque cuando la moción del peticionario se presentó en la corte municipal, ya la sentencia de desahucio había sido ejecutada y puesto en posesión de la finca el demandante.

El alegato de la parte apelante es largo y confuso. Cuando trata del principal fundamento de la resolución de que se queja—esto es, de que no siendo parte en el pleito de desahucio no pudo pedir la nulidad del mandamiento de ejecución de la sentencia dentro del mismo pleito—cita la jurisprudencia de esta Corte Suprema que autoriza la expedición de autos de *certiorari* en casos muy extraordinarios a instancia de personas realmente interesadas que no fueron parte en los procedimientos cuya revisión se pide. El caso es distinto. Aquí no se negó el auto de *certiorari* porque el peticionario no fuera parte en el pleito de desahucio. Aquí se expidió el auto y revisados los procedimientos de la corte inferior se encontró que estaban ajustados a derecho.

En verdad que hubiera resultado completamente arbitrario por parte de la corte municipal el acceder a las pretensiones de Martínez. En su moción no alega que desconociera la existencia del pleito de desahucio que se entabló desde el 16 de octubre de 1914. Más bien se desprende de sus términos que tenía tal conocimiento. El demandado en dicho pleito alegó en su contestación, como hemos visto, el contrato de arrendamiento invocado por Martínez. Practicadas las pruebas la corte dictó sentencia el 29 de diciembre de 1914 en favor del demandante. No apeló el demandado. El 25 de enero de 1915, el demandante pidió que se librara el mandamiento de ejecución, y expedido en efecto, el 26 de enero de 1915 se ejecutó la sentencia en la forma indicada. Y es entonces que Martínez, limitándose a alegar "que se cree dueño" de la finca en cuestión que le había sido entregada unos quince días antes por su alegado arrendatario, pretende que se anule el mandamiento. Bajo tales circunstancias, permitir la intervención de Martínez en el pleito de desahucio ya

terminado por sentencia ejecutada, hubiera sido contrario a las reglas más elementales de procedimiento.

Debe confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.