MARI, DEMANDANTE Y APELANTE, *v.* MARI, DEMANDADO, Y THE ROYAL BANK OF CANADA, INTERVENTOR Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 1791.—Resuelto en julio 26, 1918.

INTERVENCIÓN—DERECHO DE UNA PERSONA A INTERVENIR EN UN LITIGIO.—En el presente caso se alegó por el apelante que no procedía la demanda de inter-

vención porque el interventor no tenía ningún interés en el litigio, toda vez. que la materia del mismo era una deuda pendiente entre demandante y demandado en la que no tenía incumbencia el interventor y porque el embargo fué un mero incidente en el curso del pleito. *Se resolvió:* Que teniendo el demandado en la acción principal contraído con el interventor un préstamo agrícola, procedía la demanda de intervención, puesto que los estatutos referentes a la materia deben interpretarse liberalmente y las personas que tengan gravámenes sobre las propiedades afectadas por el pleito o cuyos derechos puedan ser afectados por la sentencia, tienen derecho a intervenir.

ALEGACIONES—ACCIÓN PREFERENTE.—Apareciendo de la demanda del interventor que la fecha del vencimiento del préstamo era posterior a la de la presentación de la demanda, no era preciso consignar en la misma ninguna alegación expresa sobre que, de acuerdo con la ley, el interventor hizo uso de su derecho preferente dentro de los veinte días después del vencimiento de la obligación.

CUSTODIA LEGAL DE LOS BIENES—VENTA SUMARIA.—El hecho de que la controversia del interventor estaba pendiente en la misma corte que a la fecha del embargo trabado por el demandante-apelante ya tenía la custodia legal de los bienes muebles gravados como garantía del préstamo, relevó al interventor de la necesidad de iniciar procedimiento separado para la venta sumaria de dichos bienes.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogado del demandado: *Sr. José Sabater.*

Abogados del interventor: *Sres. Horton & Janer* y *J. Valldejuli.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El Royal Bank of Canada intervino en un pleito iniciado en la corte municipal por Ernesto Mari contra Juan Mari y entre otras cosas alegó lo siguiente:

"II. El demandado arriba mencionado otorgó a favor del interventor, el día 31 de marzo de 1916, un préstamo agrícola por la suma de seis mil dollars, que recibió del interventor, a vencer el día 30 de octubre de 1916, quedando afectos en garantía de dicha suma de dinero los siguientes productos agrícolas: (se describen).

"III. Que en julio 15 de 1916, el márshal de esta corte a instancias del demandante ha embargado como de la propiedad del demandado los productos y efectos que más adelante se especifican para responder y asegurar la efectividad de la sentencia que pueda recaer en este caso a favor del demandante en virtud de una demanda pre-

sentada por dicho demandante en contra del demandado, cuyas principales alegaciones son como sigue:

"1º. Que tanto demandante y demandado son residentes de San Germán, y tienen capacidad para demandar y ser demandados:

"2º. Que el demandado tomó a la Caja de Economías y Préstamos en 15 de diciembre de 1915 la suma de $848 para pagarlos con sus intereses al 12 por ciento anual el día 15 de junio de 1916;

"3º. Que como memorándum de dicha obligación el demandado suscribió un pagaré, el cual se garantizaba con una nota de fianza mancomunada *et insolidum* por tres fiadores, a saber: el Dr. Andrés Orsini, Delfín Llorens y el demandante;

"4º: Que el demandado no pagó a su vencimiento su pagaré, ni sus intereses, montantes a $7.06, que sumados a la suma principal ascendía a la cantidad de $855.06;

"5º. Que tanto el Dr. Orsini como el demandante fueron requeridos por la Caja de Economías y Préstamos, y que aquél pagó la mitad de la citada suma de $855.06, o sean $427.53; y que asimismo el demandante pagó otra suma igual de $427.53; y

"6º. Que por el concepto expresado el demandado adeuda al demandante la suma de $427.53, la que no le ha pagado al demandante hasta la fecha, ni en todo ni en parte.

"Y termina dicha demanda suplicando se dicte sentencia en favor del demandante por la citada suma de dinero, costas, desembolsos, e intereses legales correspondientes.

"IV. Alega ahora el interventor que no apareciendo de la faz de la demanda del demandante ninguna alegación que el demandado fuese insolvente el día 15 de junio de 1916, ni de que uno de los fiadores, o sea Delfín Llorens, fuera asimismo insolvente en la citada fechá, ni ninguna alegación de vencimiento de la obligación a repetir el demandante del demandado lo que haya pagado como fiador de éste, dicha demanda, en cuanto concierne a los derechos del interventor, no aduce hechos suficientes a determinar una causa de acción contra el demandado en este caso.

"V. Alega ahora el interventor de que la obligación del demandado para con el demandante no ha vencido aun, y que la reclamación del demandante es prematura.

\*         \*         \*         \*         \*         \*         \*

"VII. Que los bienes embargados por el demandante como de la propiedad del demandado están afectos al gravamen anteriormente relacionado, del préstamo agrícola, título No. 52, y que los bienes

así gravados tienen preferencia especial en favor del interventor, con exclusión de cualquier otro acreedor.

"VIII. Que los productos y efectos embargados por el demandante como de la propiedad del demandado son los siguientes: (se describen).

\*    \*    \*    \*    \*    \*    \*

"IX. Que los productos y efectos relacionados en la alegación anterior no alcanzan a un valor de más de tres mil dollars y que son insuficientes a cubrir el crédito preferente del interventor que asciende a seis mil dollars."

El demandante, después de admitir algunos de los hechos alegados por el interventor y de negar otros, alegó, como materia nueva, lo que sigue:

"Los bienes embargados por el demandante, como propiedad del demandado, para asegurar la efectividad de la sentencia que pueda recaer en este pleito, no son los mismos que se reseñan en el hecho II de la demanda del interventor, sino que son bienes distintos en los cuales no tienen título ni interés el Royal Bank of Canada."

Y como defensa especial, el demandante alegó además:

"De la faz de la demanda no aparece que el interventor tenga interés en que se dicte sentencia en favor ni en contra del demandado, ni que, con referencia al asunto en litigio, tenga el interventor algún derecho en contra de ambas partes demandante y demandada."

La sentencia de la corte municipal dispone—

"\*    \*    \* que el demandante recobre del demandado la suma de cuatrocientos veinte y siete dollars cincuenta y tres centavos que adeuda el demandado a dicho demandante, y levantado el embargo trabado sobre los bienes del demandado a que hace referencia el interventor en su demanda de intervención; y asimismo declara la corte preferente el crédito del interventor con relación a los bienes embargados antes citados y quedando afectos al préstamo No. 52, otorgado ante el Juez Municipal de San Germán en 30 de octubre de 1916."

La corte de distrito a moción del demandante apelante desestimó la demanda de intervención por la teoría de que la misma no demostraba ningún interés en la materia del

pleito ni aun en el resultado del mismo y más tarde la corte, a moción del interventor, citando las autoridades, reconsideró y dejó sin efecto la orden anterior admitiendo la demanda de intervención.

La sentencia definitiva reza en parte del siguiente modo:

"La corte después de oir la evidencia introducida por las partes comparecientes y sometido el caso a su consideración reservó su resolución hasta el día de hoy, y en este día después de considerar los alegatos escritos de los letrados concurrentes, es de opinión que la ley y los hechos están a favor de la parte demandante y en contra del demandado Juan Mari, y dicta sentencia por la que declara con lugar la demanda y decreta y ordena que el demandante Ernesto Mari, hoy Francisco Mariani y Colmenero obtenga y recobre del demandado Juan Mari la suma de cuatrocientos veinte y siete dollars cincuenta y tres centavos de principal, intereses al uno por ciento mensual desde la fecha del vencimiento de la obligación que se cobra en la demanda, hasta su completo pago, más las costas, gastos, desembolsos y honorarios de abogado.

"Y asimismo la corte es de opinión que la ley y los hechos están a favor del interventor y en contra del demandante, y por lo tanto declara preferente el crédito del interventor a cualquier otro crédito, y afectos los bienes embargados en este caso al pago de los seis mil dollars adeudados por el demandado a dicho interventor; y se ordena que el márshal encargado de llevar a efecto esta sentencia, satisfaga al interventor con preferencia a cualquier otro acreedor el importe de su crédito, hasta donde alcance el total de lo que pueda obtenerse por la venta de los efectos embargados preventivamente en este caso por el demandante, y que están afectos al préstamo agrícola a que se contrae el título No. 52 de la Corte Municipal de San Germán, P. R., quedando pospuesto el cobro del crédito del demandante, hasta tanto que el interventor haya cobrado su crédito, garantido con los bienes embargados afectos al préstamo agrícola a que la demanda de intervención se contrae, con las costas, gastos y desembolsos causados por el interventor a cargo del demandante, * * *."

Se han señalado los siguientes errores:

"1. La corte erró al reconsiderar la orden que había dictado eliminando la demanda del interventor.

"2. La demanda del interventor es insuficiente para determinar una causa de acción.

"3. La corte erró en la apreciación de la prueba y ésta es completamente insuficiente para sostener la sentencia."

La teoría en que se funda el primer error alegado es que el interventor no tiene ningún interés en el litigio porque la materia del mismo es una deuda pendiente entre el demandante y demandado con la que no tiene incumbencia el interventor y porque el embargo es un mero incidente en el curso del pleito.

La sección 72 del Código de Enjuiciamiento Civil dispone:

"Cualquiera persona antes de la celebración del juicio podrá intervenir en una acción o procedimiento, si tuviere interés en el asunto en litigio, en el éxito de cualquiera de las partes, o algún derecho en contra de ambas. Esta intervención tiene lugar cuando a un tercero se le permita ser parte en la acción o procedimiento seguido entre otras personas, ya asociándose al demandante a reclamar lo que se pretenda en la demanda, o ya uniéndose al demandado para oponerse a las pretensiones del demandante o pidiendo algo en sentido adverso a las reclamaciones de demandante y demandado, cuya intervención se efectúa por medio de demanda exponiendo en ella los motivos en que se funde, presentada con permiso de la corte y notificada a las partes que no hubieren comparecido y a los abogados de las comparecidas, quienes podrán contestar o alegar una excepción a ella como si fuese una demanda ordinaria."

"Tales estatutos deben interpretarse liberalmente * * *. 20 R. C. L. 684, sec. 22.

"Las personas que tengan gravámenes sobre las propiedades afectadas por el pleito o cuyos derechos puedan ser afectados por la sentencia tienen derecho a intervenir * * *." Id. p. 687, sec. 25.

"Con el fin de facilitar a las personas la protección de sus derechos cuando están en peligro de ser perjudicados por medio de procedimientos de embargo, los estatutos de un número de estados permiten lo que se llama una 'intervención.' Este remedio no se conocía en la ley común pero parece ser un producto de la ley civil. Tuvo su origen en este país, en Louisiana de donde se llevó primeramente a California y hasta el momento actual ha sido adoptado principalmente por los Estados del centro y los del oeste de la Unión." 2 R. C. L. 879, sec. 94.

"* * * Las cortes de la ley común han visto con algún recelo

la introducción en su sistema de estos hijos de la ley civil y al interpretar los estatutos no han revelado ninguna responsabilidad (liberalidad?). Por otra parte las cortes en las jurisdicciones en que prevalece la ley civil como regla general han interpretado la práctica de las intervenciones en el sentido de extender sus beneficios.'' Id. p. 880, sec. 94.

''No sólo existe el derecho de intervención en favor de personas que alegan el dominio o derecho de posesión de propiedades embargadas sino que según el peso de autoridades una petición de intervención puede presentarse por cualquiera que tenga algún gravamen sobre la cosa   *   *   *.   De acuerdo con esta doctrina toda persona que tenga un gravamen sobre una propiedad por virtud de una hipoteca constituída por el demandado contra quien se hizo el embargo puede intervenir.'' Id. p. 882–83, sec. 98.

Véase también a *Potlatch* v. *Runkel,* 16 Idaho 192, anotado en 23 L. R. A. (N. S.) 536 y 18 Am. Cases 591; nota al caso de *Walker* v. *Saunders,* 123 Am. St. Rep. 280; Garland's Rev. Code of Prac. (3d ed.) págs. 298–309, secs. 389–398, app. págs. 867–869; *Brooklyn Cooperage Co.* v. *Cora Planting and Mfg. Co.,* 137 La. 807; *Bank* v. *Levert,* 133 La. 494; *Wells* v. *Blackman,* 121 La. 394; *Brugier* v. *Miller,* 114 La. 419, *Claflin Co.* v. *Feibelman & Co.,* 44 La. Ann. 518; *Gilkeson Sloss Com. Co.* v. *Bond & Williams,* 44 Am. 841; *Durnford* v. *Clark's Estate,* 3 La. 199; *New Orleans Canal & Banking Co.* v. *Beard,* 16 Ann. 345; *Blackly* v. *Matlock,* 3 Ann. 366; *Horner* v. *Dennis,* 34 Ann. 389; *Goode* v. *Nelson,* 29 Ann. 143; *Fisher* v. *Gordy,* 2 Ann. 763; *Gil* v. *Gil,* 10 Rob. 28; *Estelle Garrigues Vanhille* v. *Her Husband,* 5 Rob. 496.

Bajo el segundo error además de la alegación ya discutida el apelante arguye que la demanda debe alegar que ''dentro de los veinte días siguientes al vencimiento del préstamo'' el interventor solicitó de la corte municipal la venta en pública subasta de los bienes muebles gravados para asegurar el préstamo.

La sección 8 de la ley en que se apoya el apelante dispone que:

''El tenedor de un título que debe transcurrir veinte días sin

reclamar su pago después del vencimiento perderá la acción preferente que por esta ley se le concede para cobrar, y sólo podrá cobrar después en el juicio correspondiente.''

En el presente caso, sin embargo, el préstamo agrícola se había otorgado en la misma corte municipal ante la cual se presentó toda esta controversia. La demanda del interventor fechada, julio 28, 1916, fijaba el 30 de octubre de 1916 como el día en que había de vencer el préstamo. Si la obligación no había vencido, el término de veinte días después del vencimiento no pudo haber expirado.

En el argumento del tercer motivo de error se apunta también que la sentencia de la corte de distrito después del juicio *de novo,* se dictó unos ocho meses después del vencimiento del préstamo y que el interventor dejó de probar que él hubiera solicitado de la corte municipal la orden para vender los bienes afectos al préstamo agrícola dentro de los veinte días después de dicho vencimiento. La sentencia de la corte municipal fué dictada sin embargo muy poco tiempo después del vencimiento aunque no dentro de los veinte días y el hecho de que esta controversia estaba pendiente en la misma corte que a la fecha del embargo trabado por el demandante-apelante ya tenía la custodia legal de los bienes muebles, gravados como garantía del préstamo, relevó al interventor de la necesidad de iniciar procedimientos separados para la venta sumaria de dichos bienes.

En cuanto a las demás cuestiones discutidas bajo el tercer señalamiento de errores, será bastante decir que no encontramos un error tan manifiesto que requiera una revocación.

La sentencia y la orden rehusando un nuevo juicio deben confirmarse.

*Confirmada la sentencia y la orden recurridas.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Presidente Sr. Hernández no intervino.