ABELARDO CASANOVA PRATS, peticionario y apelante, v. IGNACIO CARBALLEIRA, JUEZ, CORTE MUNICIPAL DE SAN JUAN, SECCIÓN SEGUNDA, demandado y apelado.

No. 5262.—*Sometido:* Enero 20, 1931. *Resuelto:* Febrero 17, 1931.

*Abelardo Casanova Prats* compareció por su propio derecho y representación; *E. Font,* abogado del interventor recurrido.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En la Corte Municipal de San Juan se embargó cierta propiedad para asegurar la sentencia que pudiera recaer a favor del demandante por la suma adeudádale. Abelardo Casanova Prats trató de intervenir, reclamando como suya la propiedad embargada. La Corte Municipal de San Juan resolvió que la intervención no procedía; que más bien cabía una reclamación contra el márshal por virtud de la Ley de 1907, Leyes de ese año, página 309. Como no procedía una apelación, Abelardo Casanova presentó ante la Corte de Distrito de San Juan una solicitud de *certiorari.* El auto fué expedido pero fué anulado más tarde, substancialmente por los mismos fundamentos que hicieron que la corte municipal denegara la intervención. Por tanto, en esta apelación tenemos que determinar el alcance del derecho de intervención, y si el remedio otorgado por dicha ley de 1907 es exclusivo.

■■ El artículo 72 del Código de Enjuiciamiento Civil dispone lo que sigue:

"Cualquiera persona antes de la celebración del juicio podrá intervenir en una acción o procedimiento, si tuviere interés en el asunto en litigio, en el éxito de cualquiera de las partes, o algún derecho en contra de ambas. Esta intervención tiene lugar cuando a un tercero se le permita ser parte en la acción o procedimiento seguido entre otras personas, ya asociándose al demandante para reclamar lo que se pretenda en la demanda, o ya uniéndose al demandado para oponerse a las pretensiones del demandante, o pidiendo algo en sentido adverso a las reclamaciones de demandante y demandado, cuya intervención se efectúa por medio de demanda, exponiendo en ella los motivos en que se funde, presentada con permiso de la corte, y notificada a las partes que no hubieren comparecido y a los abogados de las comparecidas, quienes podrán contestar o alegar una excepción a ella, como si fuese una demanda ordinaria."

En *Mari* v. *Mari,* 26 D.P.R. 665, la contención fué que un acreedor que tenía un gravamen sobre los bienes embargados no tenía derecho a intervenir. El recurso de intervención, como remedio del derecho civil, se trazó de Louisiana hasta California, y de este estado fué indirectamente adoptado nuestro estatuto. Este tribunal aceptó la doctrina sentada en 2 R.C.L. 882, de que no sólo existe ese remedio para determinar el dominio de bienes embargados, sino también en favor del que tenga un derecho sobre los mismos. Citamos numerosas autoridades en el mismo sentido, entre ellas, *Potlatch* v. *Runkel,* 16 Idaho 192, anotado en 23 L.R.A. (N.S.) 536; el caso de *Dennis* v. *Kolm,* 131 Cal. 92, es igualmente aplicable.

Aunque ninguna de las dos cortes inferiores han descansado en ellos, existen *dicta* en el caso de *Lessesne* v. *Porto Rico Drug,* 39 D.P.R. 942, que aparentemente podrían sostener la conclusión a que ellas llegaron en este caso. Sin embargo, la cuestión esencial allí envuelta, según revelan los hechos y las citas, fué que un acreedor no garantizado no tenía derecho a intervenir para recuperar bienes embargados. Nos adherimos a la posición adoptada en *Mari* v. *Mari,*

852

*supra.* Véase además *Pabón* v. *Solivellas,* 26 D.P.R. 234. En *Potlatch* v. *Runkel, supra,* se resolvió que el hecho de que el supuesto interventor tuviera algún otro remedio adecuado para la protección de su derecho no era óbice para su derecho de intervención. Aceptamos ese principio a menos que haya en la Ley de 1907 algo que demuestre la intención total o parcial de derogar el artículo 72 del Código de Enjuiciamiento Civil. Las derogaciones tácitas no son favorecidas. La Ley de 1907, sección 5260 de la Compilación, a este respecto dispone:

"Que siempre que un márshal u otro agente judicial, procediere a cumplimentar una orden de ejecución, embargo, o cualquiera otra orden contra alguna propiedad mueble, y dicha propiedad, o cualquiera parte de ella, fuere reclamada por un tercero, éste o su mandatario o abogado, podrá prestar juramento por escrito ante cualquier funcionario autorizado para tomar juramentos, haciendo constar que dicha reclamación se hace de buena fe, y presentarlo al agente encargado de cumplimentar la orden de ejecución o embargo."

Nada hallamos ahí que expresa o aun indirectamente cause la derogación del artículo 72 del Código de Enjuiciamiento Civil. Los dos remedios pueden subsistir juntos.

No se atacó la demanda de intervención, pero la corte municipal puede considerar sus méritos.

*Debe revocarse la resolución apelada y dictarse otra anulando la de la corte municipal, y se devuelve el caso a esa corte para ulteriores procedimientos no incompatibles con esta opinión.*

Los Jueces Asociados Señores Aldrey y Texidor disintieron.*