654

Reyes y Pagán, Sociedad Mercantil, peticionaria, *v.* Corte de Distrito de Humacao, Hon. R. Arjona Siaca, Juez, demandada. Felipe Torres, peticionario, *v.* Corte de Distrito de Humacao, Hon. R. Arjona Siaca, Juez, demandada. Ramón Pérez, peticionario, *v.* Corte de Distrito de Humacao, Hon. R. Arjona Siaca, Juez, demandada.

Núms. 1126, 1127, 1128.—*Sometidos:* Enero 31, 1938.
*Resueltos:* Febrero 7, 1938.

R. A. *Arroyo Ríos,* abogado de los peticionaríos; R. S. *Vidal,* abogado de la demandante en el pleito principal.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Ante la Corte de Distrito de Humacao se radicó el pleito civil núm. 46 por Cruz Pérez & Cía., S. en C., *v.* Félix Pérez, en cobro de dinero. Ordenado el aseguramiento de la sentencia, el márshal procedió al embargo de dos casas y de cuatro vacas como propiedad del demandado.

Alegando ser los verdaderos dueños de las dos casas, de tres vacas, y de una vaca, respectivamente, cada uno de los aquí peticionarios radicó ante la Corte inferior una moción solicitando permiso para intervenir en dicho pleito civil núm. 46, acompañada de la correspondiente demanda de intervención, en la que se pedía la anulación del embargo y una declaración de que la propiedad era de la exclusiva pertenencia del interventor, con imposición de costas en caso de que se hiciera oposición. Oídas las partes en pro y en contra de las mociones de intervención, la corte inferior las declaró sin lugar por las razones expuestas en la resolución que copiamos a continuación:

"Refiriéndose el derecho invocado por Ramón Pérez únicamente al título de propiedad que él alega tener sobre ciertos bienes embargados por la demandante como de la propiedad del demandado y existiendo un claro y adecuado remedio para dicha situación en la legislación vigente, cual es el procedimiento de Tercería sobre Bienes Muebles; y resultando claramente de ello que dicho interés en nada se relaciona con 'el asunto en litigio' (the matter in litigation), único caso en que se autoriza la intervención en los autos de un caso por el artículo 72 del vigente Código de Enjuiciamiento Civil, que establece y regula el procedimiento, se declara sin lugar la petición de intervención radicada en los autos de este caso por el referido Ramón Pérez, imponiéndose al mismo las costas en el incidente, en las cuales se incluye una suma de $25.00 que se estima razonable para los honorarios de abogado de la parte demandante con motivo de dicha solicitud de intervención."

Para que este Tribunal Supremo revise y corrija los alegados errores de procedimiento que se imputan al tribunal inferior, los interesados radicaron sendas peticiones de *certiorari,* las que consideraremos y resolveremos en una sola opinión por envolver todas ellas la misma cuestión legal.

Sostienen los peticionarios que la corte inferior se excedió en sus atribuciones al dictar las resoluciones recurridas; que éstas son nulas y carecen de efecto legal por no tener dicha corte autoridad ni jurisdicción para dictarlas, por cuanto por virtud de dichas resoluciones se le negó a los peticionarios el

derecho que tienen, de acuerdo con el artículo 72 del Código de Enjuiciamiento Civil y la jurisprudencia de esta Corte Suprema, a intervenir para reclamar como suyas propiedades embargadas como pertenecientes al demandado en el pleito principal; y que procede la expedición del auto de *certiorari* por carecer los peticionarios de un remedio rápido, adecuado y eficaz para la protección de sus derechos.

Expedidos mandamientos de *certiorari* en cada caso, compareció en cada uno de ellos la demandante en el pleito principal, Cruz Pérez & Cía., S. en C., alegando en oposición a los recursos de *certiorari*:

"1. Que la Corte de Distrito tuvo jurisdicción para dictar las resoluciones denegando la intervención.

"2. Que dichas resoluciones son válidas y legales.

"3. Que no procede el recurso de intervención en ninguno de estos tres casos específicos.

"4. Que no procede el recurso de *certiorari* para la revisión de tales resoluciones adversas."

Convenimos con la parte opositora en que la cuestión envuelta no es jurisdiccional. La corte de distrito tenía jurisdicción para autorizar o denegar la intervención. La cuestión a resolver es si al denegar la intervención por las razones expuestas en la resolución arriba transcrita la corte inferior cometió un error de procedimiento corregible por medio del recurso de *certiorari*, o si actuó correctamente de acuerdo con la ley y la jurisprudencia.

El artículo 72 de nuestro Código de Enjuiciamiento Civil (ed. 1933) lee así:

"Artículo 72.—Cualquiera persona antes de la celebración del juicio podrá intervenir en una acción o procedimiento, si tuviere interés en el asunto en litigio, en el éxito de cualquiera de las partes, o algún derecho en contra de ambas. Esta intervención tiene lugar cuando a un tercero se le permita ser parte en la acción o procedimiento seguido entre otras personas, ya asociándose al demandante para reclamar lo que se pretenda en la demanda, o ya uniéndose al demandado para oponerse a las pretensiones del demandante, o pi-

diendo algo en sentido adverso a las reclamaciones de demandante y demandado, cuya intervención se efectúa por medio de demanda exponiendo en ello los motivos en que se funde, presentada con permiso de la corte, y notificada a las partes que no hubieren comparecido y a los abogados de las comparecidas, quienes podrán contestar o alegar una excepción a ella, como si fuese una demanda ordinaria.''

Interpretando el citado artículo 72, esta Corte Suprema ha sentado como regla a seguir en esta jurisdicción la de que el remedio de intervención existente en el derecho civil e incorporado a nuestro derecho procesal al adoptarse las disposiciones del Código de California sobre la materia, puede ser utilizado por el que reclame como suya una propiedad embargada como perteneciente a otra persona o por el que reclame cualquier gravamen o derecho sobre la propiedad embargada; y que el hecho de que el interventor pueda hacer uso del remedio de tercería no es óbice para el ejercicio de su derecho de intervención. Véanse: *Mari v. Mari y Royal Bank of Canada,* 26 D.P.R. 665, 670; *T. Rodríguez & Hnos. v. Corte,* 40 D.P.R. 875; *Casanova v. Carballeira, Juez,* 41 D.P.R. 850; *Murray v. Tabacaleros de Bayamón, Inc.,* 43 D.P.R. 210; *Benítez v. Tabacaleros, etc.,* y *Fed. Int. Credit Bank of Baltimore,* 50 D.P.R. 791; 20 R. C. L. 688, sec. 27 y la nota en 123 A. S. R. 295 y 309.

En las resoluciones recurridas se sostiene erróneamente que el artículo 72, supra, autoriza la intervención únicamente en aquellos casos en que el interés del interventor está relacionado con el ''asunto en litigio'' (*the matter in litigation*). La simple lectura de dicho artículo revela que cualquiera persona podrá intervenir en un litigio pendiente entre otras dos o más, en los casos siguientes: (*a*) si tuviere algún interés en el asunto en litigio; (*b*) si tuviere interés en el éxito de cualquiera de las partes; y (3) si tuviere algún derecho en contra de ambas partes litigantes.

Los peticionarios, a no ser por el embargo trabado sobre los bienes que ellos reclaman como de su exclusiva propiedad, no tendrían interés alguno en el asunto en litigio o sea en la

reclamación que Cruz Pérez & Cía., S. en C., ha formulado contra Félix Pérez para el cobro de una suma de dinero. Pero al quedar afectados al pago de esa reclamación, mediante embargo, los bienes que los peticionarios alegan pertenecerles, esos bienes han entrado a formar parte integrante del asunto en litigio, toda vez que corren el riesgo de ser vendidos en pública subasta para satisfacer el importe de la sentencia que pueda dictarse en el pleito principal. Y los peticionarios, como alegados dueños de los bienes embargados, tienen intereses y derechos contrarios a los de ambas partes litigantes; en contra del demandante, para impedir que éste haga efectivo su crédito mediante la venta de bienes que no son de su deudor y sí de los peticionarios; y en contra del demandado, para impedir que éste permita que se satisfaga su deuda con bienes que no son de su pertenencia. La fijación de los derechos de cada una de las partes interesadas puede hacerse sin dificultad alguna dentro del pleito principal, con tanta o mayor facilidad y rapidez que en un procedimiento de tercería, en el que tendrían que intervenir necesariamente las mismas partes contendientes.

El error cometido por la corte inferior siendo uno de procedimiento puede ser corregido mediante recurso de *certiorari.*

Por las razones expuestas, *se anulan y dejan sin valor y efecto legal alguno las tres resoluciones dictadas por la Corte de Distrito de Humacao en 4 de enero de 1938, y se devuelve el caso a dicha Corte para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Señor Córdova Dávila no intervino.