Luis M. Vélez, demandante y apelado, *v.* Corte Municipal de Ponce, Sección Segunda, Hon. Luciano Colón, Juez, demandada y apelante; Arturo Cintrón e Hijo, interventora y apelante.

Núm. 9127.—*Sometido:* Diciembre 26, 1945. *Resuelto:* Enero 28, 1946.

*Sergio León Lugo,* abogado de los apelantes; *Luis A. Limeres,* abogado del apelado.

El Juez Asociado Señor Córdova emitió la opinión del tribunal.

Arturo Cintrón e Hijo, sociedad mercantil, demandó en cobro de dinero a J. Carmelo Rodríguez, Antonio Martín Cruz y Luis M. Vélez, ante la Corte Municipal de Ponce, alegando que Rodríguez le debía $282.42, y que había traspasado simuladamente su establecimiento comercial a los otros dos demandados. La demandante solicitó y obtuvo or-

den de embargo de los bienes de los demandados, señaló para embargo los bienes existentes en el establecimiento que en la demanda se alegaba pertenecía a Rodríguez, y los bienes fueron embargados. Posteriormente Antonio Martín Cruz y Luis M. Vélez fueron eliminados como partes demandadas, a instancia de ellos. Se dictó sentencia en rebeldía contra J. Carmelo Rodríguez. Ya firme la sentencia, solicitó Vélez permiso para intervenir, alegando ser único dueño de los bienes embargados, y solicitando que la corte así lo decretara, disolviendo el embargo, y suspendiendo los procedimientos en el caso hasta tanto se resolviera su demanda de intervención. La corte declaró sin lugar la solicitud de intervención. Recurrió Vélez a la corte de distrito mediante *certiorari,* y la corte de distrito dictó resolución anulando el embargo trabado, y la sentencia dictada contra J. Carmelo Rodríguez, y concediendo a Vélez permiso para intervenir "si creyere ser parte interesada". De esa resolución apela la sociedad Arturo Cintrón e Hijo, interventora en el recurso de certiorari ante la corte de distrito.

Los diecinueve errores imputados a la corte inferior pueden reducirse a tres, a saber, el conceder a Vélez permiso para intervenir, el anular la sentencia contra J. Carmelo Rodríguez, y el anular el embargo. Pasemos a considerar la procedencia de la intervención.

Sostiene la apelante que la solicitud de intervención de Vélez fué tardía, y que mal podía Vélez intervenir después de haber pedido y obtenido se le eliminara como parte demandada. Confunde la apelante la acción principal en cobro de dinero con el incidente de embargo para asegurar la sentencia. Vélez obtuvo su eliminación como demandado en cobro de dinero, pero siempre sostuvo su interés en los bienes embargados, y procuró se dejara sin efecto el embargo, radicando al efecto una moción que fué declarada sin lugar "por ahora", sin que aparezcan de los autos los fundamentos de la resolución. La intervención que luego soli-

citó Vélez nada tenía que ver con la demanda en cobro de dinero. Se limitaba a plantear su derecho a los bienes embargados. El hecho de haber recaído sentencia en cobro de dinero no impedía la intervención, que en nada se relaciona con la sentencia. *Benítez* v. *Tabacaleros de Aibonito et al.,* 50 D.P.R. 791. Vélez tenía el derecho a intervenir a los fines de alegar su título a los bienes embargados. *Reyes & Pagán* v. *Corte,* 52 D.P.R. 654, *Casanova* v. *Carballeira, Juez,* 41 D.P.R. 850. Y al negarle la corte municipal ese derecho, era el deber de la corte de distrito, al recurrirse ante ella mediante certiorari, corregir el error cometido. *Reyes & Pagán* v. *Corte* y *Casanova* v. *Carballeira, supra.*

Ahora bien, la corte de distrito, luego de corregir el error cometido por la municipal al negar a Vélez permiso para intervenir, que era lo único que se pedía en la solicitud de certiorari, erró al anular la sentencia y el embargo. Nada hay en los autos que indique que la sentencia adolezca de vicio alguno, y aunque así no fuera, el peticionario en el recurso de certiorari no tenía el más remoto interés en la sentencia recaída contra J. Carmelo Rodríguez. Tampoco justifican los autos se declare nulo el embargo. Lo consideró nulo la corte de distrito por entender que se habían embargado bienes de las tres personas demandadas originalmente, a saber, J. Carmelo Rodríguez, Antonio Martín Cruz y Luis M. Vélez, sin "especificarse a cuales de dichas personas pertenecen, no siendo dos de ellos . . . partes en el pleito." La conclusión de la corte de distrito no está justificada. De los autos no aparece nada que demuestre que Antonio Martín Cruz o Luis Vélez sean dueños de los bienes embargados. Por el contrario, la demanda demuestra claramente que la demandante consideraba los bienes embargados como propiedad del demandado Rodríguez, y a base de esa teoría los embargó. El hecho de que el abogado de la demandante instruyera al márshal embargara "bienes de los demandados" carece de importancia, pues de los autos aparece que los

bienes que efectivamente se embargaron son los que en la demanda se alega pertenecen al demandado Rodríguez. Si son de Rodríguez o de Vélez es precisamente la cuestión que se plantea en la intervención de este último, cuestión que no estaba la corte de distrito en condiciones de resolver dentro del recurso de certiorari.

*Debe modificarse la sentencia recurrida en el sentido de eliminarse los pronunciamientos de nulidad de sentencia y nulidad de embargo, y así modificada confirmarse.*