COMPAÑÍA DE FIANZAS DE PUERTO RICO, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE GUAYAMA, HON. CARLOS MALDONADO CASILLAS, JUEZ, demandado.

*Número:* O-70-194      *Resuelto:* 18 de octubre de 1971

*E. Martínez Rivera,* abogado de la peticionaria; *Baragaño, Trías, Saldaña & Francis* y *C. Arzuaga Algarín,* abogados del Banco Popular de Puerto Rico, interventor.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El 20 de agosto de 1969 la Sala de Guayama del Tribunal Superior dictó sentencia en un caso sobre cobro de dinero a favor del demandante Banco Popular contra Víctor E. Silva. La sentencia se convirtió en final y firme el 19 de septiembre de 1969. El 3 de septiembre de 1969 la sala sentenciadora ordenó el embargo de las cantidades adeudadas al demandado por el Municipio de Guayama. El 17 de abril de 1970 la Compañía de Fianzas de Puerto Rico radicó una solicitud de intervención alegando que el crédito que le era debido al Sr. Víctor Silva por el Municipio de Guayama le fue cedido a dicha compañía de fianzas. El Banco Popular se opuso. Alegó que la compañía no tiene derecho a intervenir de acuerdo con la

Regla 21 de las de Procedimiento Civil y que si hubiese tenido derecho su intervención resultaba tardía. El tribunal de instancia declaró sin lugar la solicitud de intervención. Acordamos revisar esa resolución.

La peticionaria ampara su derecho a intervenir en la Regla 21.1 (c) de las de Procedimiento Civil la cual dispone:

"Mediante oportuna solicitud, cualquier persona tendrá derecho a intervenir en un pleito (a) . . . (b) . . . (c) cuando el solicitante pudiere ser afectado adversamente por una distribución o cualquier otra disposición de propiedad que se hallare bajo la custodia o sujeta al control o poder de adjudicación del tribunal."

La Regla 21 de Procedimiento Civil es similar a la Regla 24 de Procedimiento Federal.(¹)

█ Parece claro que el lenguaje de la regla permite la intervención de una parte que alega que la propiedad o derecho que se ha embargado para satisfacer una sentencia le pertenece. Es preferible que los derechos sobre la propiedad embargada se diluciden antes de que se ejecute la sentencia y se adjudiquen los bienes. Nadie se perjudica y se aligera la adjudicación definitiva. Véase 3B *Moore's Federal Practice*, § 24.09 [2] págs. 24–225. *Trager* v. *Hiebert Contracting Co.*, 339 F.2d 530 (1st Cir. 1964).

█ Además para que proceda la intervención de acuerdo con la Regla 21.1 (c), la solicitud debe ser oportuna (*timely*). La intervención después de la sentencia final es vista ordinariamente con recelo ya que permitirla en esa etapa puede perjudicar los intereses de las partes originales o interferir substancialmente con los procesos ordinarios en el tribunal. *McDonald* v. *E. J. Lavino Company*, 430 F.2d 1065 (5th Cir. 1970). En el presente caso la moción de la interventora no interfiere substancialmente con el orden de los procesos del tribunal. La interventora no desea reabrir el pleito o relitigar

---

(¹) La Regla 24 de las federales fue enmendada en el 1966.

un punto que ya ha sido resuelto. La consideración más importante al determinar si es oportuna la solicitud de intervención es si alguna de las partes existentes en el pleito han sido perjudicadas por la tardanza en solicitarla. *McDonald* v. *E. J. Lavino Company*, supra; *Díaz* v. *Southern Drilling Corp.*, 427 F.2d 1118, 1125 (5th Cir. 1970); *Smith Petroleum Service Inc.* v. *Monsanto Chemical Co.*, 420 F.2d 1103, 1115 (5th Cir. 1970); 2 Barron & Holtzoff, *Federal Practice & Procedure*, 594 (Wright ed. 1961); 3B *Moore's Federal Practice*, § 24. 13[1] a las págs. 24–522 (2d ed. 1969).

Como ha expresado un comentarista: "las cortes están generalmente de acuerdo con que la intervención como derecho bajo la Regla 24 (a) debe ser concedida excepto cuando la solicitud ocasione un perjuicio en una de las partes originales." *The Requirement of Timeliness Under Rule 24 of Fed. Rules of Civil Procedure*, 37 Va. L. Rev. 863, 867 (1951). En el presente caso la intervención fue con el propósito limitado de que se determine a quién pertenece el crédito embargado para satisfacer la sentencia. La tardanza en solicitarla no perjudicó a las partes originales. Ver *Vélez* v. *Corte Municipal*, 65 D.P.R. 589 (1946).

Bajo la práctica anterior a la aprobación de las Reglas de Enjuiciamiento Civil en el año 1943, permitíamos la intervención en situaciones de hecho como la del presente caso, a pesar de que el Art. 72 del Código de Enjuiciamiento Civil, (²) era más restrictivo que las Reglas 24 (a) de 1943 y la

---

(²) Dispone así el Art. 72:

"Cualquier persona antes de la celebración del juicio podrá intervenir en una acción o procedimiento, si tuviere interés en el asunto en litigio, en el éxito de cualquiera de las partes, o algún derecho en contra de ambas. Esta intervención tiene lugar cuando a un tercero se le permita ser parte en la acción o procedimiento seguido entre otras personas ya asociándose al demandante para reclamar lo que se pretenda en la demanda, o ya uniéndose al demandado para oponerse a las pretensiones del demandante, o pidiendo algo en sentido adverso a las reclamaciones de demandante y demandado, cuya intervención se efectúa por medio de demanda, exponiendo en ella los motivos en que se funde, presentada con permiso de la

Regla 21.1 de 1958. Así en *Benítez* v. *Tabacaleros, etc. y Fed. Int. Credit Bank*, 50 D.P.R. 791 (1936), expresamos:

"La jurisprudencia que hemos examinado parece establecer una distinción entre aquellas intervenciones que tienen por objeto la discusión de los méritos de la controversia entre demandante y demandado y aquéllas cuyo único objeto es la protección de los derechos del interventor sobre propiedad embargada y sobre la cual se trata de hacer efectiva la sentencia dictada o que se pueda dictar en el pleito, sosteniendo que la primera clase de intervenciones deben ser interpuestas antes del juicio, de acuerdo con los requisitos técnicos del estatuto, y que las que se refieren simplemente a la determinación de los derechos respectivos sobre propiedad embargada pueden ser interpuestas en cualquier momento, siempre que el interventor actúe con la debida diligencia.

.    .    .    .    .    .    .    .

La petición de intervención en el caso de autos presentaba a la consideración de la corte inferior una sola cuestión, o sea si los cánones de arrendamiento eran en la fecha en que se practicó el embargo propiedad de la corporación demandada o si habían pasado ya a ser propiedad del banco interventor, no estando por tanto sujetos a embargo. Esa cuestión en nada podía afectar la controversia principal entre demandante y demandado, ni tampoco la sentencia en rebeldía dictada en el caso. Y creemos que el hecho de que esa misma cuestión haya podido resolverse también en una demanda de tercería, no es óbice para que la corte inferior pudiera resolverla por medio de una simple demanda de intervención, teniendo como tenía jurisdicción sobre todas las partes interesadas y sobre la propiedad envuelta en la controversia. El fin principal que deben perseguir los tribunales es el de administrar justicia rápida y evitar litigios innecesarios. La corte inferior usó sabiamente de su discreción al interpretar liberalmente las disposiciones del artículo 72 del Código de Enjuiciamiento Civil, para resolver una cuestión sobre la cual tenía jurisdicción y que en nada afectaba la controversia entre las partes originales."

---

corte, y notificada a las partes que no hubieren comparecido y a los abogados de las comparecidas, quienes podrán contestar o alegar una excepción a ella, como si fuese una demanda ordinaria."

*Por las razones expuestas se revocará la resolución recurrida y se dictará otra permitiendo la intervención solicitada.*

El Juez Presidente Señor Negrón Fernández no intervino.