CAGUAS FEDERAL SAVINGS AND LOAN ASSOCIATION OF PUERTO RICO, demandante y recurrida, *v.* JOSÉ R. MARTÍNEZ, ETC., demandados; MARÍA M. PONTÓN, interventora y peticionaria.

*Número:* O-82-176      *Resuelto:* 21 de mayo de 1982

*Rafael Rodríguez Ema* y *José Guevara Fuertes*, abogados del demandante-recurrido; *Andrés J. García Arregui*, abogado de los demandados; *Miguel García Suárez, Raúl J. Tous Bobonis* y *Gloria Ortega Otero*, abogados de la interventora-peticionaria.

PER CURIAM: La peticionaria interventora, Srta. María M. Pontón, vendió a los demandados, señores Martínez, una vivienda por el precio de $63,000. Los demandados constituyeron primera hipoteca a favor de Caguas Federal Savings and Loan Association, la demandante recurrida, por la suma de $50,400. Para pagar la diferencia, los demandados constituyeron segunda hipoteca en garantía de pagaré hipotecario por la suma de $13,000, con sus intereses y cargos correspondientes. Con conocimiento de los abogados de Caguas Federal se entregó este pagaré a la peticionaria. Algo más tarde se constituyó tercera hipoteca en garantía de pagaré hipotecario por la cantidad de $2,500. El pagaré fue entregado a Caguas Federal.

Los señores Martínez se atrasaron en sus pagos y Caguas Federal demandó en ejecución de hipoteca. Antes que se procediera con el recurso, los demandados presentaron una petición de quiebra voluntaria ante la corte federal correspondiente. Los demandados incluyeron entre la lista de sus acreedores a la peticionaria, María M.

Pontón, y a Caguas Federal. Éstas a su vez presentaron sus respectivas reclamaciones ante el referido foro, el cual paralizó los procedimientos en el Tribunal Superior.

La parte demandada formuló un plan de pagos ante la Corte Federal de Quiebras mediante el cual se comprometía a pagarle lo adeudado a Caguas Federal a plazos mensuales y a continuar pagándole a la peticionaria los intereses de su pagaré.

Caguas Federal y los esposos Martínez solicitaron de la Corte de Quiebras, con la oposición de la peticionaria Pontón, que se permitiese la continuación de los procedimientos de ejecución de hipoteca. El Juez de Quiebras aprobó, con carácter retroactivo a meses antes de su orden, esta solicitud. No se notificó esta orden a la interventora, quien se enteró posteriormente que la subasta se había celebrado semanas antes de la orden del juez y que Caguas Federal se había adjudicado el inmueble, que ahora intenta vender a una suma considerablemente mayor, luego de obtener, sin intervención de la peticionaria, la cancelación de los gravámenes posteriores.

La peticionaria presentó entonces moción de intervención ante el Tribunal Superior, con solicitud de declaración de nulidad de la subasta y otros procedimientos posteriores a la sentencia de ejecución. El Tribunal Superior denegó la moción. Dictamos orden de mostrar causa por la cual no debe revocarse la resolución recurrida.

■ El Art. 149 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2473, dispone en parte que:

> En los casos de ejecución de hipoteca, los que hayan inscrito o anotado su derecho con posterioridad a la hipoteca y con anterioridad a la anotación de demanda, deberán ser citados para la subasta conforme a lo dispuesto en la legislación procesal vigente para el caso de los demandados, sin lo cual no podrá ordenar el tribunal la cancelación de estos asientos.

Según nuestra decisión en *F. D. I. C.* v. *Registrador*, 111 D.P.R. 602 (1981), la referida disposición no ampara, como

regla general, al tenedor de un pagaré al portador. El Art. 149 se refiere a la citación personal de titulares posteriores *definidos*. El Art. 149, sin embargo, no es excluyente de los requisitos de las Reglas de Procedimiento Civil. Por el contrario, está supeditado a éstos. En el caso de autos, Caguas Federal conocía la identidad de la tenedora del pagaré. La Ley Hipotecaria no la exime de efectuar la notificación personal correspondiente bajo las Reglas.

■ Aun de concebirse técnicamente que Caguas Federal podía limitarse en este caso a la publicación por edictos, lo cual rechazamos, el principio de la buena fe y la doctrina del abuso del derecho impiden que Caguas Federal se adjudique la propiedad en las circunstancias presentes, en perjuicio de la legítima acreencia de la vendedora original. *Velilla* v. *Pueblo Supermarkets, Inc.*, 111 D.P.R. 585 (1981); *Soriano Tavárez* v. *Rivera Anaya*, 108 D.P.R. 663 (1979). La peticionaria tiene derecho a intervenir en este caso, *Chase Manhattan Bank* v. *Nesglo, Inc.*, 111 D.P.R. 767 (1981), y le asiste plena razón en su planteamiento.

*Se revoca la resolución recurrida. Se permite la intervención de la peticionaria y se ordena a Caguas Federal que notifique a la interventora, a los fines del Art. 224 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2724, el importe de la postura que obtuvo la buena pro. De haberse vendido la propiedad a un tercero, el tribunal de instancia determinará los daños pagaderos por Caguas Federal a la interventora.*

El Juez Asociado Señor Negrón García se inhibió.