# 97 DTA 163

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE SAN JUAN

MAKAREL INVESTMENT INC.
Demandante-Recurrida

v.

RICARDO EZEQUIEL BAEZ RENTA, LISETTE RENTA FEBLES
Demandados-Recurridos

v.

**DEEP AGGARWAL AGGARWAL**
Interventor-Peticionario

Núm. KLCE-95-01057

San Juan, Puerto Rico, a 25 de agosto de 1997

Panel integrado por su Presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Negroni Cintrón

Negroni Cintrón, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Finalizado mediante sentencia un pleito en cobro de dinero y ejecución de hipoteca que había instado Makarel Investment Corporation *("Makarel")* contra Ricardo Ezequiel Báez Renta y Lisette Renta Febles, Deep Aggarwal Aggarwal *("Aggarwal")* presentó una moción y demanda de intervención en dicho pleito en la etapa de ejecución de la sentencia dictada. El tribunal de instancia la denegó aduciendo como fundamento para ello (1) que la solicitud no estaba *"...a tenor con lo decretado en la sentencia dictada en la acción KAC-94-1627 de la que tomamos conocimiento judicial";* (2) que la solicitud no presentaba *"...reclamo a tenor con el Artículo 224 de la Ley Hipotecaria (30 L.P.R.A. 2724)"* y *"...todos los otros argumentos presentados por la parte demandante [Makarel] en su escrito de oposición."*

Denegada la moción de reconsideración que presentó, Aggarwal acudió ante este Foro mediante el recurso que nos ocupa para que revisemos dicho dictamen. Señala que el tribunal de instancia erró *"... al no permitir en primera instancia la intervención y posteriormente procesar en sus méritos la Demanda de Intervención con la comparecencia de las otras partes en el litigio y partes indispensables que no han sido traídas como terceros (Guillermo J. Tous Rodríguez y esposa)[;] ... al entender que la Demanda de Intervención no está a tenor con la decretada en la Sentencia Parcial dictada en la acción KAC-94-1627...[y] al entender que su única competencia y jurisdicción sobre la materia estaba limitada a peticiones en relación al Artículo 294 [sic] de la Ley Hipotecaria."*

Emitimos orden para que las partes recurridas mostraran causa por la cual no debíamos expedir el auto solicitado para revocar la resolución impugnada. Solamente Makarel compareció. Presentó oportunamente un escrito en respuesta a dicha orden y posteriormente otro reaccionando a una réplica que Aggarwal presentó al primero.

Considerados todos los escritos y sus apéndices, estimamos que todos los errores señalados están dirigidos a cuestionar la negativa del tribunal de instancia a permitirle al peticionario intervenir en el pleito KCD-94-0088, por lo que los discutiremos conjuntamente.

De rigor es exponer primeramente el trasfondo procesal del recurso y aquellos hechos que estimamos pertinentes y necesarios para que se comprendan las controversias que se levantan y el alcance de nuestro dictamen.

# I

El pleito que sirve de trasfondo a la controversia ante este Tribunal comenzó cuando Makarel demandó a Ricardo Ezequiel Báez Renta y a Lissette Renta Febles, madre y apoderada del primero, en cobro de dinero y ejecución de hipoteca de una deuda representada por un pagaré vencido y en posesión de Makarel. Su cumplimiento estaba garantizado con una primera hipoteca sobre un inmueble propiedad de Báez Renta. (Petición, Apéndice I).

La co-demandada Renta Febles presentó una contestación a la demanda bajo juramento y por derecho propio, como apoderada ■ del co-demandado Báez Renta. En ésta admitió los hechos esenciales de la demanda, se allanó a que se dictara sentencia en su contra y a que ésta fuese final, firme y ejecutable desde la fecha en que se archivara en autos. (Petición, Apéndice II).

Luego de haber dictado la sentencia solicitada por Makarel, el tribunal de instancia ordenó la ejecución de la hipoteca mediante la venta en pública subasta del inmueble gravado. Makarel se adjudicó la buena pro de la subasta y posteriormente solicitó la cancelación de una segunda hipoteca por la suma principal de $17,500.00 en garantía de un pagaré al portador que gravaba el referido inmueble en el Registro de la Propiedad. (Petición, Apéndices III-VI).

Así las cosas y aduciendo que era el tenedor del pagaré garantizado por una segunda hipoteca que gravaba el inmueble de referencia, Aggarwal presentó una demanda en cobro de dinero, ejecución de hipoteca y nulidad de sentencia contra Báez Rentas, Renta Febles, Makarel y Guillermo J. Tous Rodríguez, que fue referida a una sala distinta a la recurrida y a la que se le asignó el número KAC-94-1627. En la demanda solicitó que se anulara la sentencia dictada en el Caso KCD-94-0088, alegando, en esencia, que Makarel actuaba como testaferro de Guillermo J. Tous Rodríguez; que éste estaba haciendo gestiones para adquirir el apartamento de referencia en unión a su abogado George López Keelan, y que Makarel había comenzado un procedimiento espurio y colusivo con la co-demandada Rentas Febles con el único propósito de obtener una sentencia en ejecución de hipoteca y la posterior cancelación de la segunda hipoteca que garantizaba el pagaré hipotecario al portador en posesión de Aggarwal para privarlo de su garantía hipotecaria. (Petición, Apéndice VIII)

Makarel presentó una moción de sentencia sumaria en el pleito KAC-94-1627. (Escrito Mostrando Causa...., Apéndice F). La sala del tribunal que entendía en ese pleito consideró que la demanda presentada por Aggarwal levantaba, en parte, controversias relativas a la notificación de la subasta a los acreedores posteriores en el procedimiento de ejecución de hipoteca seguido en el caso KCD-94-0088; a si la subasta se efectuó conforme a derecho y en cuanto a si el efecto de la alegada falta de notificación al acreedor posterior le permitía a Aggarwal a solicitar en término el remedio dispuesto en el Artículo 224 de la Ley Hipotecaria, *supra*. A base de ello, concluyó que dichas controversias debían ser formuladas dentro del caso KCD-94-0088, desestimó las reclamaciones de Aggarwal basadas en que el edicto de subasta en este caso no le había sido notificado de conformidad con la ley e intimó a Aggarwal a que presentara esas controversias dentro del caso KCD-94-0088. Dispuso, además, que una vez estas controversias fueran adjudicadas por dicha sala, indicaría los trámites ulteriores que se seguirían dentro del caso ante su consideración, entre los que quedaba pendiente la petición de nulidad de la sentencia dictada en el caso KCD-94-0088. ■

Al tenor de dicha determinación y utilizando el mecanismo que provee la Regla 21.1 de las de

Procedimiento Civil, 32 L.P.R.A. Ap. III, Aggarwal solicitó intervenir en el pleito KCD-94-0088 mediante moción en la que, en síntesis, aseveró nuevamente que Makarel actuó como testaferro de Guillermo J. Tous Rodríguez y Zoraida Guzmán Enseñad con el fin de defraudar a Aggarwal; que no consideraron la existencia del pagaré a favor de Aggarwal y no le notificaron por edictos a éste la subasta, optando por hacerlo a nombre de John Doe. Acompañó con su moción una demanda de intervención sustancialmente similar a la que había presentado en el caso KAC-96-1627 y en la que reprodujo parecidas aseveraciones a las que formuló en su demanda en el Núm. KAC-96-1627. En esencia, incluyó aseveraciones que describen un alegado esquema entre Makarel, como testaferro de Guillermo J. Tous Rodríguez, la esposa de éste y su acreedora, Lissette Rentas Febles, mediante el cual Makarel ejecutó la primera hipoteca, conociendo que Aggarwal era el poseedor del pagaré al portador garantizado con una segunda hipoteca sobre el inmueble perteneciente a Báez Rentas y optó por notificarle por edictos como John Doe para privarlo de su garantía hipotecaria.

Makarel se opuso a dicha solicitud, exponiendo los siguientes fundamentos que fueron adoptados por el tribunal de instancia en el dictamen recurrido:

*"1. Que en el caso KAC-94-1627 el tribunal desestimó todas las alegaciones sobre la nulidad de la sentencia, la que es firme, final e inapelable y que debido a ello Aggarwal está impedido de litigarlas.*

*2. Que como en dicho caso se desestimaron las reclamaciones basadas en que el edicto de subasta en el caso KCD-94-0088 no le fue notificado de conformidad a la ley, tampoco pueden litigarlo mediante la presente moción.*

*3. Que Aggarwal no es parte apropiada e indispensable en los procedimientos de autos, por no haber suscrito y reconocido el pagaré.*

*4. Que según lo resuelto en Chase Manhattan Bank v. Nesglo, Inc. 111 D.P.R. 767 (1981), solamente procede el derecho a la intervención post sentencia cuando el interventor es un acreedor preferente al demandado.*

*5. Que los únicos derechos que tiene Aggarwal son los que le confieren los Artículos 149, 195 y 224 de la Ley Hipotecaria, 30 L.P.R.A. secs. 2473, 2614 y 2724, respectivamente, y el Artículo 140.1 del Reglamento General de la Ley Hipotecaria. Además, que el edicto de subasta que se publicó en el caso KCD-94-0088 para ejecutar la hipoteca cumplió con las exigencias de ley."*

Atendidos estos escritos, el tribunal de instancia emitió el dictamen recurrido desestimándole a Aggarwal su solicitud de intervención.

## II
### -A-

Al discutir en su petición los errores que le imputa al tribunal de instancia, Aggarwal argumenta que al tenor de lo dispuesto en la Regla 21 de Procedimiento Civil, *supra,* y según lo resuelto en el caso *Chase Manhattan v. Nesglo, supra,* él tiene derecho a intervenir en pleito, pues cumple con los requisitos de la regla. Señala que la desestimación parcial dictada en el caso KAC-94-1627 no le impide formular su solicitud dentro del caso KCD-94-0088, pues dicho dictamen lo autorizó a presentar la solicitud de intervención en este último pleito. En los méritos y en lo pertinente plantea que como Makarel conocía que él era el poseedor de un pagaré al portador que estaba garantizado con una segunda hipoteca sobre el inmueble cuya primera hipoteca ejecutó, Makarel estaba obligada a notificarle personalmente de la celebración de la subasta.

Por su parte y en sus comparecencias ante nos, Makarel sostiene y reitera, en síntesis, que Aggarwal, como acreedor hipotecario con un rango inferior al de Makarel en el Registro de la Propiedad, no tiene derecho a intervenir post sentencia en el caso KCD-94-0088 de conformidad con su interpretación de lo resuelto en el caso de *Chase Manhattan Bank v. Nesglo, supra.* Sostiene que sus derechos se limitan a los que le reconocen la Ley Hipotecaria y su Reglamento. Reiteró, además, que, de conformidad con los términos de la sentencia parcial emitida en el caso KAC-94-1627, Aggarwal estaba impedido de litigar en el caso KCD-94-0088 los asuntos desestimados. Finalmente postula que Aggarwal no era parte apropiada e indispensable en los procedimientos seguidos en el

caso KCD-94-0088, por lo que no podía acudir al remedio provisto por la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. ■ Veamos.

Debemos necesariamente comenzar por definir el alcance de la sentencia parcial dictada en el caso KAC-94-1627 por el Juez del Tribunal de Primera Instancia, Hon. Pedro López Oliver. Su cuidadosa lectura ciertamente revela que el ilustrado magistrado desestimó las controversias relativas a si la notificación de la subasta a Aggarwal en el procedimiento de ejecución de hipoteca en el caso KCD-94-0088 se había efectuado conforme a derecho y si Aggarwal estaba a tiempo para solicitar el remedio dispuesto en el Artículo 224 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2724, porque éstas debían plantearse y resolverse en el caso KCD-94-0088. Razonó que *"[l]a facultad del Tribunal para conocer en un pleito independiente para que se deje sin efecto una sentencia no tiene el propósito de conceder facultad para atender incidentes y planteamientos posteriores a la sentencia que pueden y deben resolverse en el pleito original, como la alegación de falta de notificación adecuada a los acreedores posteriores. Dicha alegación se atiende consuetudinariamente, como es debido, en el pleito donde se efectuó dicha notificación."* En consecuencia dispuso que una vez que Aggarwal compareciera en el caso KCD-94-0088 y se resolvieran en ese caso los aspectos relativos a su notificación, dispondría los trámites ulteriores en el caso ante él, de conformidad con lo que se resolviera en el caso KCD-94-0088.

Como puede apreciarse con meridiana claridad, esa sentencia no constituye una adjudicación en los méritos de las tres controversias que la sentencia enumeró, toda vez que resulta más que evidente que por su lenguaje y efecto, lo dispuesto por dicha sala constituye una desestimación sin perjuicio de aquella parte de la demanda que Aggarwal presentó que levanta las controversias que el Juez López Oliver enumeró y relacionó con la alegada falta de notificación adecuada de la subasta a Aggarwal. Es por eso que dicha sala refirió e intimó a Aggarwal a que formulara sus planteamientos a esos efectos dentro del caso KCD-94-0088. Si la desestimación no hubiese sido decretada sin perjuicio, la sala que atiende el caso KAC-94-1627 no hubiera retenido jurisdicción para considerar y adjudicar la nulidad de la sentencia que Aggarwal había planteado en su demanda, condicionando su proceder en lo sucesivo a lo que la Sala a cargo del caso KCD-94-0088 determinase con respecto a las controversias y reclamación que, según su decisión, Aggarwal debía presentar en este último pleito.

Tampoco constituye impedimento alguno para que la Sala que atiende el caso KCD-94-0088 pueda considerar la solicitud de intervención formulada por Aggarwal, aquella parte del dictamen en el caso KAC-94-1627 mediante el cual se desestimó como remedio la solicitud de Aggarwal de que se ordenara la venta en pública subasta del inmueble con el fin de satisfacer su acreencia por $17,500.00. El Juez López Oliver determinó que ello era improcedente, pues de prevalecer Aggarwal en cuanto a la nulidad de la sentencia, el efecto sería que Makarel tendría que presentar nuevamente su demanda. Aunque consideramos que no era necesario que dicha sala se expresara sobre el particular en esa etapa de los procedimientos, lo que el magistrado hizo fue rechazar un remedio en el pleito lo que Aggarwal solicitaba. Esa *"desestimación"* del remedio no tiene el alcance de una desestimación de una causa de acción o reclamación. Solamente constituyó una expresión del tribunal en cuanto a la improcedencia de ese remedio que muy bien pudo reservarse para el momento en que resolviera si procede o no la nulidad de la sentencia solicitada por Aggarwal en el pleito KAC-94-1627, acción sobre la cual esa Sala retuvo jurisdicción y competencia para adjudicarla.

Como consecuencia de lo antes expuesto, concluimos que la sentencia parcial dictada en el caso KAC-94-1627 no constituia impedimento alguno para que la sala recurrida considerara la moción o demanda de intervención que Aggarwal presentó en el caso KCD-94-0088 a instancias de la sala presidida por el Juez López Oliver. La posición de Makarel sosteniendo la posición contraria es inmeritoria y el tribunal de instancia se equivocó al acogerla como fundamento para su dictamen. ■

Pasemos a examinar si, al tenor de lo dispuesto en la Regla 21.1 de las de Procedimiento Civil, *supra*, la moción y demanda de intervención que Aggarwal presentó al efecto expuso hechos suficientes que justificaran que se le permitiera intervenir en el caso KCD-94-0088.

-B-

La Regla 21.1 de Procedimiento Civil, *supra*, dispone lo siguiente:

*"Mediante oportuna solicitud, cualquier persona tendrá derecho a intervenir en un pleito (a) cuando por ley o por estas reglas se le confiere un derecho incondicional a intervenir; o (b) cuando el solicitante reclame algún derecho o interés en la propiedad o asunto objeto del litigio que pudiere de hecho quedar afectado con la disposición final del pleito.*

*Esta Regla ha expandido considerablemente el ámbito de la intervención como cuestión de derecho, es flexible y debe interpretarse liberalmente, a la luz de los objetivos que persigue, aunque ello no equivalga a sancionar la intervención indiscriminada ni a sentar el principio de que toda duda posible debe resolverse a favor de la intervención." Chase Manhattan v. Nesglo, Inc., supra.*

El solicitante debe reclamar algún derecho o interés en la propiedad o asunto objeto del litigio y debe demostrar que tal derecho o interés puede, de hecho, quedar afectado por la disposición final del pleito. No se debe analizar en modo más o menos abstracto la naturaleza del interés concernido. El criterio a utilizarse es de orden pragmático. El tribunal debe determinar si, como cuestión de realidad, existe un interés que amerite protección y si éste quedaría afectado, como cuestión práctica, por la ausencia del interventor en el caso. El análisis puede variar de pleito a pleito y la decisión depende del equilibrio a lograrse en la situación específica entre el interés en la economía procesal representada por la solución en un sólo pleito de varias cuestiones relacionadas entre sí y el interés en evitar que los pleitos se compliquen y eternicen innecesariamente. *Id.*

La intervención se permite después de dictada la sentencia en un pleito. *Chase Manhattan Bank v. Nesglo, Inc., supra*; *Sepúlveda v. Maldonado Febo,* 108 D.P.R. 530 (1979); *Compañía de Fianzas v. Tribunal Superior,* 100 D.P.R. 169 (1971); *Gerena v. Lamela,* 79 D.P.R. 578 (1956). Específicamente se permite que un acreedor cuyo crédito esté garantizado por una hipoteca posterior a la de un acreedor ejecutante, intervenga en el pleito en el que este acreedor haya obtenido sentencia para ejecutar una hipoteca de mayor rango. *Caguas Federal v. Martínez,* 112 D.P.R. 851 (1982); *Chase Manhattan Bank v. Nesglo, Inc., supra.*

A la luz de esta normativa, examinemos si Aggarwal tiene un interés en la propiedad hipotecada objeto del litigio en que solicita intervenir que amerite protección y si éste quedaría afectado si no se le permite intervenir como sostuvo el tribunal recurrido.

-C-

Dictada y notificada la sentencia en el trámite ordinario de ejecución de hipoteca y a solicitud del acreedor ejecutante, el tribunal sentenciador dicta una orden de ejecución de sentencia para que el alguacil celebre la subasta con la debida notificación a los interesados. ■ 30 L.P.R.A. secs. 2720 y 2724; Cf. 30 L.P.R.A. sec. 2473; Regla 51.8(a) de Procedimiento Civil; *Atanacia v. Saldaña,* Op. del 6 de marzo de 1993, **93 J.T.S. 67**; *Caguas Federal v. Martínez,* 112 D.P.R. 851 (1982); *Housing Investment Corp. v. Luna,* 112 D.P.R. 173 (1982).

Como parte de ese proceso, el que posea un pagaré a favor de un titular personalmente determinado garantizado con una hipoteca sobre un inmueble inferior al rango de la del ejecutante, debe ser citado personalmente para la subasta en ejecución de la de superior rango, conforme lo dispuesto en nuestras Reglas de Procedimiento Civil, *supra.* Artículo 149, Ley Hipotecaria, 30 L.P.R.A. sec. 2473; *F.D.I.C. v. Registrador,* 111 D.P.R. 602 (1981). Como regla general, esta norma no ampara al tenedor de un pagaré al portador. *F.D.I.C. v. Registrador, supra.* Sin embargo, sufre una evidente excepción cuando el acreedor ejecutante conoce la identidad del tenedor del pagaré al portador. En ese caso, el acreedor ejecutante tiene que notificarle personalmente a éste la subasta, según lo requieren las Reglas de Procedimiento Civil. *Caguas Federal v. Martínez, supra.* Si no lo hace, el acreedor hipotecario que no ha sido citado personalmente tiene derecho a intervenir en el caso llevado por el acreedor ejecutante de la hipoteca con superior rango. Si la subasta se ha realizado, tiene derecho a solicitar que el tribunal le ordene al acreedor ejecutante que, de conformidad con lo dispuesto en el Artículo 224 de la Ley Hipotecaria, 30 L.P.R.A. 2724, le notifique al interventor el importe de la postura que obtuvo la buena pro. De haberse vendido la propiedad a un tercero, el tribunal debe determinar los daños que el acreedor ejecutante debe pagarle al interventor. *Caguas Federal v. Martínez, supra.*

Esta normativa no está reñida con lo resuelto en *Chase Manhattan v. Nesglo, Inc., supra.* Contrario

a lo que sostiene Makarel, la normativa adoptada en éste caso no es de aplicación a la controversia que nos ocupa. En dicho caso se reafirmó la norma que permite la intervención post sentencia cuando el interventor posee un interés que puede ser afectado concebiblemente por el dictamen emitido en el pleito. Como cuestión de realidad, en ese caso el Tribunal Supremo de Puerto Rico permitió la intervención del peticionario. Limitó la participación en el pleito a que el interventor estableciese que tenía un derecho preferente al del acreedor recurrido, porque ese era el único fundamento bajo el cual el interventor parecía basar su solicitud para intervenir.

### -D-

Como bien estimó el Juez Pedro López Oliver en su sentencia parcial, Aggarwal lo que está planteando, en parte, es que su interés como acreedor hipotecario inferior al de Makarel se vió afectado cuando se le notificó como si fuera un poseedor de un pagaré hipotecario al portador cuya identidad se desconocía. Aggarwal había alegado y alega, en síntesis, que como testaferro de Tous Rodríguez, Makarel conocía que él era el poseedor del pagaré al portador y que por tanto le debieron notificar de la celebración de la subasta en la forma apropiada. Expuso hechos en su demanda y moción de intervención que, de ser ciertos, sugieren la posibilidad de que Makarel, Tous Rodríguez y Rentas Febles hayan actuado de común acuerdo para privarlo de su garantía hipotecaria. Aseveró que Tous Rodríguez interesaba adquirir la propiedad hipotecada antes de que Makarel ejecutara la primera hipoteca que sobre el inmueble en cuestión había adquirido, que había opcionado su compra y la poseía; que cuando éste gestionaba el financiamiento para la adquisición de la propiedad, H.F. Mortgage Bankers, Inc. lo citó a una reunión y allí conoció a Tous Rodríguez y su representante legal, el Lcdo. George López Keelan; que con la participación de la propietaria del inmueble Lisette Renta Febles intentaron alcanzar un acuerdo para satisfacer la acreencia de Aggarwal, sin éxito alguno, Aggarwal no fue notificado de trámite adicional alguno; que subastada la propiedad, Makarel se adjudicó la propiedad y **se la cedió a Tous Rodríguez.**

Ello adquiere una importancia mayor si se considera que de los autos ante instancia surge que la propia Lisette Renta Febles contestó la demanda en el caso KCD-94-0088 **bajo juramento prestado ante el Lcdo. George López Keelan,** alegado abogado de Tous Rodríguez, y que posteriormente Renta Febles presentó en dicho pleito un escrito denominado Solicitud de Relevo de Sentencia y Réplica a Demanda de Intervención, cuando fue notificada la demanda de intervención de Aggarwal, en la que admitió que Tous Rodríguez y ella habían presentado el pleito relacionado con la ejecución de la hipoteca del inmueble en cuestión, mediando treta y engaño y bajo la promesa que se le iba a pagar a Aggarwal la deuda que ella tenía con éste. De paso aseveró que su hijo Ezequiel Báez Renta no había sido emplazado y no compareció porque no estaba capacitado y ella no estaba capacitada legalmente para contestar por éste. Expuso, además, que Makarel y Tous Rodríguez habían actuado en común acuerdo con el único propósito de defraudar a Aggarwal publicando un edicto a nombre de John Doe, a pesar de que conocían la identidad de éste. (Petición, Apéndice XVII).

Considerado todo lo anterior, debemos concluir que, independiéntemente de que Aggarwal no hubiese expresado correctamente en la moción y demanda que presentó en el caso KCD-94-0088 los remedios a que podría tener derecho si prevaleciese, los hechos aseverados en su moción y los que surgían de los autos describían un interés suficiente en el inmueble afectado por la hipoteca ejecutada por Makarel que justificaba que se le permitiera intervenir post sentencia a tratar de que se litigue y adjudique si Makarel conocía o no que Aggarwal era el poseedor del pagaré al portador y, de resultar ello cierto, que el tribunal le proteja los derechos que tiene como acreedor con garantía hipotecaria con rango inferior a la de Makarel en el caso KAC-94-0088 o a algún otro remedio. Más aún, la demanda y los autos añaden unos elementos circunstanciales que, de ser ciertos, tienden a conferirle una credibilidad inicial a la tesis de Aggarwal.

Nos resulta sumamente evidente que al no permitir el tribunal la intervención de Aggarwal en el pleito KCD-94-0088 para demostrar, mediante prueba todo lo que alega, su interés como acreedor hipotecario de rango inferior a la ejecutante Makarel sobre la propiedad objeto del litigio, quedó de hecho afectado por la disposición final del pleito, ya que perdería la oportunidad de ejercer las opciones que la Ley Hipotecaria le confiere como tal acreedor hipotecario secundario y que, a su vez, forman parte de la garantía que los deudores le concedieron en la eventualidad de que no cumplieran con su obligación de pago.

## -E-

Por otro lado, es de rigor destacar aquí que en este caso Aggarwal no basa su derecho a intervenir en que tuviese inscrito en el Registro de la Propiedad un acta haciendo constar que era el poseedor del pagaré al portador, por lo que el caso de *F.D.I.C. v. Registrador,* 111 D.P.R. 602 (1991), no es de aplicación como sostiene Makarel. Aggarwal alega que Makarel conocía extraregistralmente que él era el poseedor del pagaré al portador. Simple y llanamente, Aggarwal sostiene que para Makarel él no era un poseedor desconocido de un pagaré al portador garantizado con una segunda hipoteca sobre el inmueble subastado, alega que Makarel conocía que Aggarwal era el poseedor determinado del pagaré al portador y que ello lo obligaba a notificarle personalmente.

Makarel tampoco tiene razón al argumentar que al enterarse de la celebración de la subasta, Aggarwal debió proceder a actuar dentro del término y de conformidad con lo dispuesto en el artículo 224 de la Ley Hipotecaria, 30 L.P.R.A. 2724. Este artículo dispone lo siguiente:

*"En caso de que alguno de los acreedores posteriores no hubiese sido notificado del procedimiento o de la subasta, **el acreedor ejecutante o el adjudicatario le notificará con posterioridad al remate, a los efectos de que solicite,** si así lo estima conveniente, **la celebración de una nueva subasta, o pague el importe de la postura que obtuvo la buena pro.** Si transcurrieren veinte (20) días desde la notificación sin que hiciese ninguna de las dos cosas mencionadas, el tribunal ordenará la cancelación de sus gravámenes."*

Como puede apreciarse del citado texto, si un acreedor posterior no hubiese sido notificado **antes de la celebración del remate** de que éste se iba a realizar o de los procedimientos de ejecución, el artículo de referencia **le impone al acreedor ejecutante** la obligación de hacer esa notificación al acreedor posterior después de la celebración del remate o de los procedimientos, con el fin de que el acreedor posterior pueda optar por solicitar una nueva subasta o pagar el importe de la postura del que hubiera obtenido la buena pro en la subasta. Debido a ello, dispone que si el acreedor posterior no hace ninguna de las dos cosas mencionadas, **dentro de los veinte (20) días siguientes a partir de la fecha en que fue notificado por el acreedor ejecutante,** el tribunal ordenará la cancelación de sus gravámenes.

El lenguaje claro de este Artículo deja ver que si el acreedor ejecutante no le notifica al acreedor posterior, el término de veinte días no es de aplicación y que este artículo **no dispone que el término para ejercer las opciones allí dispuestas comienza desde que el acreedor posterior se enteró de la subasta,** como parece sugerir Makarel en su comparecencia. Esa interpretación es insostenible. Makarel le añade al artículo algo que el legislador no contempló. En ese sentido, el que Aggarwal no actuara dentro de los veinte (20) días a partir de la fecha en que se enteró de que la subasta se había celebrado o de los procedimientos de ejecución, no lo privan de su derecho a solicitar la intervención después de los veinte (20) días.

Finalmente, debemos destacar que no nos corresponde en esta etapa de los procedimientos determinar si resulta procedente la inclusión como terceros de Guillermo J. Tous Rodríguez y su esposa, a los fines de resolver los asuntos planteados en la moción y demanda de intervención en el caso KCD-94-0088. Ello no fue resuelto por el tribunal y sala recurrida y no fue adecuadamente discutido por el peticionario.

A la luz del derecho antes expuesto, resolvemos que el tribunal de instancia incidió al negarle a Aggarwal la intervención que solicitaba. Este tiene derecho de intervenir en el caso KCD-94-0088 y de tratar de demostrar, tal y como expone en sus alegaciones, que Makarel conocía que él era el poseedor del pagaré al portador garantizado con la segunda hipoteca sobre el inmueble gravado con la primera hipoteca que Makarel ejecutó. De demostrar y convencer al tribunal que Makarel tenía ese conocimiento mediante la prueba que presente en su día y no existiendo controversia en cuanto a que la subasta en ejecución de la sentencia ya se celebró, tiene derecho a que el tribunal de instancia le ordene a Makarel que, de conformidad con lo dispuesto en el Artículo 224 de la Ley Hipotecaria, *supra,* le notifique al interventor el importe de la postura que obtuvo la buena pro o que, de haberse vendido la propiedad a Tous Rodríguez, el tribunal determine los daños que Makarel debe pagarle a Aggarwal, al tenor de lo resuelto en *Caguas Federal v. Martínez, supra.*

## III

A la luz de todo lo antes expuesto, concluimos que el tribunal de instancia incurrió en los errores imputados, salvo lo referente a la inclusión como *"terceros"* de Guillermo J. Tous Rodríguez y su esposa. Debido a ello, se expide el auto solicitado, se revoca el dictamen recurrido y se permite la intervención post sentencia de Aggarwal en el caso KCD-94-0088 para que a tenor con lo dispuesto en la Sentencia Parcial en el caso KAC-94-1627, según aquí interpretada, proceda a adjudicar si Makarel conocía que Aggarwal era el poseedor del pagaré al portador hipotecario que gravaba el inmueble en cuestión y si debido a ello debió notificarle personalmente de la celebración de la subasta para ejecutar su crédito hipotecario. De contestar dicha controversia en la afirmativa, deberá proveer el remedio que proceda de conformidad con lo aquí expuesto.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida I. Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 163

**1.** Un examen de esa contestación revela que Renta Febles no es abogada y que juró el escrito ante el Abogado-Notario, George López Keelan, quien fungió como abogado de Guillermo J. Tous Rodríguez.

**2.** Téngase presente que dicho pleito también incluia las acciones de Aggarwal en cobro de dinero contra Renta Febles y Báez Renta y la de nulidad de sentencia que incluia a Tous Rodríguez, la esposa de éste y a Makarel.

**3.** Se refiere a un argumento que Aggarwal expuso en su moción de intervención ante instancia en el caso KCD-94-0088 y que desarrolla en su petición ante nos en el que plantea que la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, le facultaba a intervenir y solicitar el relevo de la sentencia.

**4.** Ello no implica, sin embargo, que la Sala recurrida tenga que atender y adjudicar aquellas reclamaciones que Aggarwal equivocadamente repitió ante esa sala en el caso KCD-94-0088 al someter una demanda similar a la que presentó en el caso KAC-94-1627 y en relación con las cuales la sala que atiende este último retuvo jurisdicción. Esas reclamaciones deben estimarse como no sometidas por constituir duplicaciones de las que quedan pendientes ante la Sala que atiende el caso KCA-94-1627. Ello no obstante, esta equivocación de Aggarwal no justifica la desestimación de la reclamación en torno a la alegada indebida notificación de la subasta a Aggarwal.

**5.** Una vez notificado conforme a derecho, el acreedor hipotecario secundario tiene derecho a comparecer a la subasta a ejercer las opciones que le confiere el artículo 220 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2720: (1) concurrir a la subasta a licitar o (2) satisfacer antes del remate el importe del crédito, intereses, costas y honorarios de abogados asegurados.